IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DISH NETWORK L.L.C, ECHOSTAR TECHNOLOGIES L.L.C.**, and **NAGRASTAR LLC,**<br><br>     Plaintiffs,<br><br>          v.<br><br>**Edgardo Carrasquillo Reyes, a/k/a "Edgardo Carrasquillo", "Ed Reyes", "Frank Reyes", "BluebirdPR" and "Bluebird" d/b/a Generation IKS, www.caribbeansystems.galeon.com** and **JOHN DOES 1-3,**<br><br>     Defendant. | Civil No: 14-CV-1608 (JAF) |

**JUDGMENT**

Having considered the Plaintiffs' Motion for Default Judgment, the accompanying documentation filed therewith and the other documentation incorporated therewith, and having determined that a hearing on said motion is not necessary or required, the Court finds that the Plaintiffs are entitled to a judgment as follows:

1.   The Defendant has violated 17 U.S.C. § 1201(a)(2) and 47 U.S.C. § 605(e)(4).

2.   The Defendant is liable for twenty (20) violations of 47 U.S.C. § 605(e)(4), as further set forth in Count Four of the Plaintiffs' Complaint, based upon the 20:

   a.   Modifications or assemblies to an IKS server or servers with the decryption control words from the 20 smartcards associated with the 20 EchoStar receivers identified in the Plaintiffs' motion for default judgment; and

   b.   Distributions of the decryption control words from the 20 smartcards associated with the 20 EchoStar receivers identified in the Plaintiffs' motion for default judgment.

3.  Statutory damages for the 20 violations of 47 U.S.C. § 605(e)(4) shall be assessed at the minimum statutory violation amount of $10,000, per violation, pursuant to 47 U.S.C. § 605(e)(3) for a total assessment of statutory damages against the Defendant in the amount of $200,000.

4.  Post judgment interest shall accrue on the judgment pursuant to 26 U.S.C. 1961.

5.  Pursuant to Section 1203(b)(2) of the DMCA and/or Title 47 U.S.C.§ 605(B)(i) of the Communications Act, the Plaintiffs are granted permanent possession and ownership of all items seized by the federal marshals through the civil seizure order which was entered in this action.

6.  All other counts and claims set forth in the Plaintiffs' Complaint are dismissed with prejudice.

7.  This Court's prior orders of July 6, 2014, for an asset freeze and for an accounting from the Defendant are hereby vacated.

8.  Pursuant to Federal Rules of Civil Procedure Rule 65, Title 17 U.S.C. § 1203(b)(1) of the DMCA and/or 47 U.S.C. § 605(e)(3) of the Communications Act, a permanent injunction shall enter against the Defendant; to wit. The Defendant, Edgardo Carrasquillo Reyes, a/k/a "Edgardo Carrasquillo", "Ed Reyes", "Frank Reyes", "BluebirdPR" and "Bluebird" d/b/a Generation IKS, www.caribbeansystems.galeon.com (hereinafter "Carrasquillo" or the "Defendant") and his employees, agents, representatives, and all other persons acting or claiming to act on his behalf or under his direction or authority, and all persons acting in concert or in participation with Defendant are hereby **ENJOINED** from:

   a.  Manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any IKS server pass-codes, or any other code,

password, or information used in accessing an IKS server, subscriptions to private IKS servers, unauthorized receivers for use in IKS piracy, control words utilized in IKS piracy, caches of control words utilized in IKS piracy and any DISH satellite pirating device *regardless of form*, including pirate software, or any other technology, product, service, device, component, or part thereof, that:

1) is primarily designed or produced for the purpose of circumventing the encryption protection contained in the software on NagraStar's smartcards or contained within EchoStar Technologies' receivers or any other technological measure adopted by DISH and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

2) has only limited commercially significant purpose or use other than to circumvent DISH's encryption access control protection or any other technological measure adopted by DISH and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

3) is knowingly marketed by Defendant and/or others acting in concert with him for use in circumventing DISH's encryption access control protection or any other technological measure adopted by DISH and/or EchoStar Technologies and/or NagraStar that effectively controls access to

       copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming.

b. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any IKS server pass-codes, or any other code, password, or information used in accessing an IKS server, subscriptions to private IKS servers, unauthorized receivers for use in IKS piracy, control words utilized in IKS piracy, caches of control words utilized in IKS piracy or any other electronic, mechanical, or other devices, the design of which renders them *primarily useful* for the purpose of unauthorized interception of DISH's signals.

c. Creating any DISH subscriber accounts for improper purposes, installing and maintaining Plaintiffs' receiving equipment at locations or facilities not authorized by Plaintiffs, operating any IKS server and distributing, retransmitting, and rebroadcasting Plaintiffs' control words over the Internet.

d. Operating or in any way assisting in the operation of any computer server containing control words which could or may be utilized for the unauthorized decryption of DISH's satellite television signals.

e. Operating the website www.caribbeansystems.galeon.com or any other website the Defendant may be operating related to satellite television; hereinafter referred to as the "Defendant's satellite television websites".

f. Making the contents of the Defendant's satellite television websites available to anyone other than the Plaintiffs on the internet.

    g.    Operating any website which links to or advertises any third-party website which distributes any type of DISH piracy software or piracy devices, services, subscriptions or while advertising their sites on any pirate websites.

    h.    Engaging in any activity which would violate the terms of the injunctive relief set forth herein while utilizing websites not in the Defendant's control, including, but not limited to, such websites as EBay and Craigslist.

**IT IS SO ORDERED.**

                                        JOSE ANTONIO FUSTE
                                      UNITED STATES DISTRICT JUDGE

Dated: 11/12/2014